# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

KARL W. BARTLESON, JR.,

    Plaintiff,

v.                                                      CIVIL ACTION NO. 5:24-cv-00545

MS. FOX, Health Care Admin., and
C.O. WHITE and
MR. TREADWAY and
NURSE COOK and
MR. HUGART and
MS. THOMPSON and
BALLARD and
JOHN DOE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Karl W. Bartleson, Jr.'s *pro se* Letter-Form Objections [ECF 35] to the Proposed Findings and Recommendations ("PF&R") entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, on October 27, 2025. [ECF 30]. The matter is ready for adjudication.

### I.

This action was previously referred to Magistrate Judge Aboulhosn for submission of a PF&R. Magistrate Judge Aboulhosn filed his PF&R on October 27, 2025 [ECF 30], in which he addressed Mr. Bartleson's *Bivens* claims. Magistrate Judge Aboulhosn recommended the Court grant Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" [ECF 24], dismiss without prejudice Mr. Bartleson's Amended Complaint against the "John Doe"

Defendant for lack of service, and remove this matter from the Court's docket. [ECF 30 at 23]. Mr. Bartleson timely objected on December 22, 2025. [ECF 35].

## II.

Federal law provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Samples v. Ballard*, 860 F.3d 266, 272. Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See id.*; *see also Thomas v. Arn*, 474 U.S. 140 (1985) (stating that review of a magistrate judge's factual or legal conclusions is not required as to those portions of the findings or recommendation to which no objections are addressed); *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). "Moreover, a general objection to a magistrate judge's findings is not sufficient [to trigger de novo review] -- 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (quoting *United States v. Midgette*, 478 F.3d 626, 621–22 (4th Cir. 2007)); *see Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.").

Mr. Bartleson objects to the PF&R inasmuch as he contends that he has, in fact, exhausted his administrative remedies as to Defendants Treadway and Hugart. [ECF 35 at 2]. However, Mr. Bartleson fails to point the Court to any part of the record supporting this assertion.

Instead, he references his BP-8 complaint which is an informal, not formal, grievance. *See Sayles v. O'Brien*, No. CIV.A. 5:13CV1, 2015 WL 3903463 (N.D.W. Va. June 25, 2015). Inasmuch as his objections lack the requisite specificity and fail to direct the Court to the Magistrate Judge's specific error, Mr. Bartleson's objections are **OVERRULED**.

**IV.**

For the foregoing reasons, the Court **OVERRULES** Mr. Bartleson's objections [**ECF 35**], **ADOPTS** the PF&R [**ECF 30**], **GRANTS** Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**ECF 24**], **DISMISSES without prejudice** Mr. Bartleson's Amended Complaint [**ECF 9**] against the "John Doe" Defendant for lack of service, and **REMOVES** this matter from the Court's docket.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: January 15, 2026

Frank W. Volk
Chief United States District Judge